Thomas J. RAUH, Appellant (Plaintiff),

v.

E.W. KORNKVEN, Appellee (Defendant).

No. 92-278.

Supreme Court of Wyoming.

May 19, 1993.

James R. McCarty, Casper, for appellant.

Keith P. Tyler, Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

Appellant Thomas Rauh (Rauh) brought suit against real estate salesperson, E.W. Kornkven (Kornkven), alleging fraud and negligent misrepresentation in the purchase of a small ranch near Lovell, Wyoming. After a bench trial, judgment was entered in favor of Kornkven on all counts. Rauh appeals from that judgment.

We affirm.

Rauh raises two issues:

1. Whether the court erred in making the factual finding that the plaintiff failed to prove that the statement of Kornkven that there was a 160 acre BLM lease included in the Jacobs Ranch was false.

2. Whether the court erred in refusing to grant relief to the appellant on his theory of negligence.

During June 1990, Kornkven and his real estate office listed the ranch of owners Mr. and Mrs. Jacobs for sale. Sometime before September 17, 1990, Rauh inquired of Kornkven concerning this ranch. The listing described the ranch as "300 + or − Acres, with 160 BLM acres included as part of this unit."

From the testimony at trial, it appears that, after the initial contact about the ranch, Rauh, Kornkven, and Rauh's cousin, Bruce Morris (Morris), discussed, visited and investigated this ranch property on several occasions. The testimony concerning these discussions is in dispute. Rauh maintains that Kornkven represented, at all times, that the ranch consisted of 320 deeded acres. Both Kornkven and Rauh's cousin Morris claim that they all knew the ranch included only 136 acres of fee land.

Kornkven also testified that at one of these meetings he provided Rauh with documents containing assessor's information which included a tax roll showing the total acreage to be 136. Rauh maintains that Kornkven never gave him these written documents.

On September 17, 1990, Rauh offered to purchase the ranch for a total of $50,-000.00: $15,000.00 down at closing and $35,000.00 over ten years on a contract for deed with 10 percent interest. Rauh expected to receive monies from a separate business deal and use those funds for his down payment. The business deal, however, was not completed, and Rauh borrowed the down payment from a friend, James Laird (Laird). With the borrowed down payment, Rauh closed on the ranch on October 22, 1990. Kornkven did not attend the closing.

One year after purchasing the ranch, Rauh failed to make the initial payment on

the contract for deed, and the Jacobs terminated the contract. Around that same period, Rauh filed this action against Kornkven seeking damages for fraud and negligence.

### DISCUSSION

In his complaint, Rauh raises two claims: the first is based upon fraud, and the second is based upon negligence. The complaint alleged that Kornkven misrepresented the deeded acreage of the ranch. In his action for fraud, Rauh claims that he relied on Kornkven's misrepresentation, which Kornkven knew or should have known was false, to his detriment. In his claim for negligence, Rauh asserts that Kornkven breached his duty as a real estate salesperson by misrepresenting the deeded acreage or by failing to discover the true acreage.

■ Rauh's first argument is that the district court erred in finding that he failed to prove any misrepresentation. In essence, Rauh's argument is one challenging the sufficiency of the evidence. Our standard when reviewing the sufficiency of the evidence requires us to accept all the successful party's evidence as true and give that evidence all reasonable and favorable inferences. *Ellison v. Walter ex rel. Walter*, 834 P.2d 680, 682 (Wyo.1992).

Upon careful review of the trial transcript, we find that there existed sufficient evidence to support the district court's finding that Kornkven did not misrepresent the deeded acreage. Both Kornkven and Rauh's cousin, Morris, testified that they and Rauh understood, before Rauh agreed to purchase, that the ranch did not contain 320 acres of deeded land. In addition, Kornkven testified that he provided Rauh with documents which explained the accurate deeded acreage, and Kornkven presented those documents as an exhibit at trial.

■ Rauh's second argument claims that the district court erred in denying him relief on his claim of negligence. Again this is a sufficiency of the evidence challenge.

■ The duty of care owed by real estate brokers and salespersons to a non-client buyer is: (1) to not perpetuate a material representation of the seller which the broker/salesperson knows or should know is false, and (2) to take reasonable steps to avoid giving the buyer false information. *Hagar v. Mobley*, 638 P.2d 127, 137–38 (Wyo.1981).

The trial evidence and testimony presented provides ample support for the trial court's denial of Rauh's negligence claim. Having found that Kornkven made no misrepresentations to Rauh, and Kornkven having testified that he gave Rauh documents explaining the actual fee acreage being purchased, it was reasonable for the district court to conclude that no duty was breached and no action in negligence existed.

Affirmed.